# Exhibit A

COPY

BY FAX

1   PREMIER JUSTICE LAW P.C.
    Susan Lee Yu, Esq. (SBN 256423)
2   155 N. Lake Ave., Suite 800
    Pasadena, CA 91101
3   T: (800) 515-3730
    F: (800) 539-0778
4
    Attorneys for Plaintiff
5   ARMEN ATABAKIAN

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 05 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                                                    BC 6 9 2 5 0 1

11   ARMEN ATABAKIAN, an individual;          ) CASE NO.:
         Plaintiff,                           ) Assigned for all purposes to:
12                                            ) DEPT.:
                                              )
13                    vs.                     ) COMPLAINT FOR DAMAGES:
                                              )
14                                            )
                                              ) 1.  Breach of Implied Warranty
15                                            )     Merchantability under the Song-Beverly
                                              )     Warranty Act.
16   BMW OF NORTH AMERICA, LLC, a             )
     Delaware Limited Liability Company; and  ) 2  Breach of Express Warranty under the Song
17   DOES 1 through 20, inclusive,            )     Beverly Warranty Act.
                                              )
18                                            )
                                              ) 3  Breach of Express Warranty under the
19                                            )     Magnuson-Moss Warranty Act.
                                              )
20              Defendants.                   )
                                              ) 4  Breach of Implied Warranty of
21                                            )     Merchantability under the Magnuson-
                                              )     Moss Warranty Act.
22                                            )
                                              )
23                                            )
                                              )
24                                            )   JURY TRIAL DEMANDED.
                                              )
25
26   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:
27
28

                                    1

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff is an individual, residing in the City of Porter Ranch, County of Los Angeles, State of California.

2.      Defendant, BMW OF NORTH AMERICA, LLC, (hereinafter referred to as "Manufacturer") is a limited liability company doing business in the County of Los Angeles, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of BMW motor vehicles and related equipment.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.      Before August 2017, defendants Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a 2017 BMW 435, (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

6.      On or about August 2017, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of approximately $50,000.00. Retail Installment Sale Contract is in the possession of Defendants.

7.     The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

8.     Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for four years or 50,000 miles and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

9.     Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

10.    Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on numerous separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities.  Repair Orders/Invoices are in the possession of Defendants.

11.    By way of example, and not by way of limitation, the defects, malfunctions, maladjustments, and/or nonconformities with Plaintiff's Vehicle include the following: Plaintiff has submitted the subject Vehicle for defects and malfunctions, specifically for drivability concerns related to problems with the engine.

12.    Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorize service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, maladjustments, and/or nonconformities existent with the Vehicle and demanded

3
COMPLAINT

1    that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to
2    conform the Vehicle to the applicable warranties.
3    13.    Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized
4    service and repair facility, Defendants, and each of them, represented to Plaintiff that they could
5    and would conform the Vehicle to the applicable warranties, that in fact they did conform the
6    Vehicle to said warranties, and that all the defects, malfunctions, maladjustments, and/or
7    nonconformities have been repaired; however, Manufacturer or its representatives failed to
8    conform the Vehicle to the applicable warranties because said defects, malfunctions,
9    maladjustments, and/or nonconformities continue to exist even after a reasonable number of
10   attempts to repair was given.
11   14.    The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS
12   ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against
13   Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from
14   Defendants, and each of them, for incidental, consequential, exemplary, and actual damages
15   including interest, costs, and actual attorneys' fees.
16
17                          **FIRST CAUSE OF ACTION**
18   (Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all
19                                  Defendants)
20   15.    Plaintiff re-alleges each and every paragraph (1-15) and incorporates them by this
21   reference as though fully set forth herein.
22   16.    The distribution and sale of the Vehicle was accompanied by the Manufacturer and
23   Seller's implied warranty that the Vehicle was merchantable.
24   17.    Furthermore, Defendants, and each of them, impliedly warranted, *inter alia*, that the
25   Vehicle would pass without objection in the trade under the contract description; that the
26   Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was
27   adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact
28   made to Plaintiff.

18. As evidenced by the defects, malfunctions, maladjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

19. Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20. Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

21. Plaintiff hereby gives written notice and makes demand upon Manufacturer and Seller for replacement or restitution, pursuant to Song-Beverly. Defendants, and each of them, knew of their obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

22. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

23. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon

1  at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount
2  of incidental damages when that amount is ascertained.

3  24.    As a further result of the actions of Defendants, and each of them. Plaintiff has sustained
4  damages equal to the difference between the value of the Vehicle as accepted and the value the
5  Vehicle would have had if it had been as warranted.

6  25.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in
7  pursuing Plaintiff's claim. it was necessary for Plaintiff to retain legal counsel. Pursuant to
8  Song-Beverly. Plaintiff, in addition to her other remedies, is entitled to the recovery of her
9  attorneys' fees based upon actual time expended and reasonably incurred, in connection with
10  the commencement and prosecution of this action.

11

12                         SECOND CAUSE OF ACTION
13  (Breach of Express Warranty under Song-Beverly Warranty Act against all Defendants)

14  26.    Plaintiff re-alleges each and every paragraph (1-26) and incorporates them by this
15  reference as though fully set forth herein.

16  27.    The Vehicle had defects, malfunctions, maladjustments, and/or nonconformities covered
17  by the warranty that substantially impaired its value, use, or safety to Plaintiff.

18  28.    Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for
19  repair.

20  29.    Defendants, and each of them, failed to service or repair the Vehicle to match the written
21  warranty after a reasonable number of opportunities to do so.

22  30.    The acts and/or omissions of Defendants, and each of them, in failing to perform the
23  proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable
24  express warranties constitute a breach of the express warranties that the Manufacturer provided
25  to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

26  31.    Defendants, and each of them, failed to perform the necessary repairs and/or service in
27  good and workmanlike manner. The actions taken by Defendants, and each of them, were
28  insufficient to make the Subject Vehicle conform to the express warranties and/or proper

1 | operational characteristics of like Vehicles, all in violation of Defendants' obligations under
2 | Song-Beverly.

3 | 32.    Plaintiff hereby gives written notice and makes demand upon Manufacturer and Seller
4 | for replacement or restitution, pursuant to Song-Beverly.  Defendants, and each of them,
5 | knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and
6 | refused to make restitution or replacement according to the mandates of Song-Beverly.  The
7 | failure of Defendants, and each of them, to refund the price paid and payable or to replace the
8 | Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two
9 | times Plaintiff's actual damages.

10 | 33.    As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to
11 | the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or
12 | restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus
13 | prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this
14 | Complaint to set forth the exact amount of restitution and interest, upon election, when that
15 | amount has been ascertained.

16 | 34.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them,
17 | and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and
18 | incidental damages in amounts yet to be determined, plus interest thereon at the legal rate.
19 | Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of
20 | consequential and/or incidental damages, when those amounts have been ascertained.

21 | 35.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in
22 | pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to
23 | Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her
24 | attorneys' fees based upon actual time expended and reasonably incurred, in connection with
25 | the commencement and prosecution of this action.

26 |
27 |                        **THIRD CAUSE OF ACTION**
28 | (Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants)

1  36.    Plaintiff re-alleges each and every paragraph (1-36) and incorporates them by this
2  reference as though fully set forth herein.

3  37.    Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter
4  referred to as the "Warranty Act") 15 USC 2301(3).

5  38.    The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC
6  2301(4), (5).

7  39.    The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15
8  USC 2301(4), (5).

9  40.    The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

10 41.    The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

11 42.    The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written
12 Warranty" as defined in the Warranty Act, 15 USC 2301(6).

13 43.    The Seller is an authorized dealership/agent of the manufacturer designated to perform
14 repairs on Vehicles under Manufacturer's warranties.

15 44.    The above-described actions (failure to repair and/or properly repair the above-
16 mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of
17 the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC
18 2310(d)(1), (2).

19 45.    As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has
20 suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the
21 following relief against all Defendants: (1) A declaration that acceptance has been properly
22 revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the
23 purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment
24 contract and payment in full of the balance of same; (4) Consequential, incidental, and actual
25 damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees
26 reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Civil Penalties (8) Such
27 other relief the Court deems appropriate.

28                              FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants)

46.     Plaintiff re-alleges each and every paragraph (1-46) and incorporates them by this reference as though fully set forth herein.

47.     The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

48.     As a direct result of the Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to judgment against all Defendants declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance, for a refund of the purchase price paid by Plaintiff for the Vehicle, for cancellation of Plaintiff's retail installment contract and for payment in full by Defendants and all of them on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorneys' fees reasonably incurred, and such other relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.  For replacement or restitution, at Plaintiff's election, according to proof;

B.  For incidental damages, according to proof;

C.  For consequential damages, according to proof;

D.  For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.  For actual attorney's fees, reasonably incurred

F.  For costs of suit and expenses, according to proof;

G.  For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.  For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.  For pre-judgment interest at the legal rate;

1        J.   Such other relief the Court deems appropriate.

2

3    DATED: February 2, 2018               PREMIER JUSTICE LAW, P.C.

4

5                                  By:

6                                        Susan Lee Yu, Esq.
                                       Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28