# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-01899-RGK-AFM | Date | March 12, 2018 |
|---|---|---|---|
| Title | *Armen Atabakian v. BMW of North America, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On February 5, 2018, Armen Atabakian ("Plaintiff") filed a Complaint against Defendant BMW of North America, LLC ("BMW") alleging violations of the Song-Beverly Warranty Act.

On March 7, 2018, BMW removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of BMW's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks restitution for the value of the car, civil penalties, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, BMW asserts that the amount in controversy exceeds $75,000 because Plaintiff alleges that he purchased the vehicle for $50,000, and Plaintiff also seeks other damages, penalties, and attorney's fees.

BMW, however, fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-01899-RGK-AFM | Date | March 12, 2018 |
|---|---|---|---|

| Title | *Armen Atabakian v. BMW of North America, LLC et al.* |
|---|---|

12952629, at * 2–3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002).

Here, BMW relies solely on Plaintiff's allegation that he paid $50,000 for the vehicle, but does not indicate how many payments Plaintiff made or how many miles he drove. Without this, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3.

In addition, BMW supports its Notice for Removal with Plaintiff's request for civil penalties and attorneys' fees and costs. These damages and costs, however, are speculative. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to civil penalties, while authorized under the Song-Beverly Act, BMW has not offered any evidence to support such an award.

Accordingly, the Court is not satisfied that BMW has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer